IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **MESA DIGITAL LLC,**<br><br>        Plaintiff,<br><br>  v.<br><br>**T-MOBILE USA, INC.**,<br><br>        Defendant. | Case No.<br><br>Patent Case<br><br>Jury Trial Demanded |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Mesa Digital LLC ("Mesa"), through its attorney, complains of T-Mobile USA, Inc. ("T-Mobile"), and alleges the following:

**PARTIES**

1. Plaintiff Mesa Digital LLC is a limited liability company organized and existing under the laws of New Mexico that maintains its principal place of business at 117 Bryn Mawr Drive SE, Albuquerque, NM 87106.

2. Defendant T-Mobile USA, Inc. is a corporation organized and existing under the laws of Delaware that maintains its principal place of business at 12920 SE 38th Street, Bellevue, WA 98006.

**JURISDICTION**

3. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

4. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over T-Mobile because it has engaged in systematic and continuous business activities in the District of Delaware. Specifically, T-Mobile provides its full range of services to residents in this District. As described below, T-Mobile has committed acts of patent infringement giving rise to this action within this District and is incorporated in Delaware.

## VENUE

Venue is proper in this District under 28 U.S.C. §§ 1391(c) and 1400(b) because T-Mobile is subject to personal jurisdiction in this district and is incorporated in the state of Delaware. In addition, Mesa has suffered harm in this District.

## PATENTS-IN-SUIT

6. Mesa is the assignee of assignee of all right, title and interest in United States Patent Nos. 9,031,537 (the "'537 Patent") and 9,646,444 (the "'444 Patent") (collectively, the "Patents-in-Suit") including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patents-in-Suit. Accordingly, Mesa possesses the exclusive right and standing to prosecute the present action for infringement of the Patents-in-Suit by T-Mobile.

**The '537 Patent**

7. On May 12, 2015, the United States Patent and Trademark Office issued the '537 Patent. The '537 Patent is titled "Electronic Wireless Hand Held Multimedia Device." The application leading to the '537 Patent was filed on October 23, 2008. A true and correct copy of the '537 Patent is attached hereto as Exhibit A and incorporated herein by reference.

8. The '537 Patent is valid and enforceable.

9.  The invention in the '537 Patent provides an improved electronic wireless hand held multimedia device that has more than one wireless transceiver modules configured for the receipt, processing and transmission of multimedia data to and from remote data resources over more than one standard of wireless communication. Ex. A. at 3:61-66.

10. The inventors recognized that what would be needed in the future, among other things, was an electronic wireless hand held multimedia device that could connect to various data networks and establish short/visible range data connections with electronic devices located in close proximity, provide multimedia capabilities including remotely accessing and displaying of video, enabling access to email and multimedia content from the Internet including servers and the World Wide Web, determining location information and enable the determination and provision of directions to alternate location by accessing remote map information and displaying the map information on the display touch sensitive display screen, a technique which can be referred to as GPS mapping, and enable mobile payments through the device, for example, by enabling hand held device users to be billed a transaction fee via bank accounts (e.g., ATM, Debit and Credit cards) billing via communication service accounts or arrangements, and prepaid services, and other authorized account-related billing arrangements. *Id.* at 2:64-3:16.

**The '444 Patent**

11. On May 9, 2017, the United States Patent and Trademark Office issued the '444 Patent. The '444 Patent is titled "Electronic Wireless Hand Held Multimedia Device." The application leading to the '444 Patent was filed on February 3, 2015 and is a continuation of the application leading to the '537 Patent. A true and correct copy of the '444 Patent is attached hereto as Exhibit B and incorporated herein by reference.

12. The '444 Patent is valid and enforceable.

13. The invention in the '444 Patent provides an improved electronic wireless hand held multimedia device that has more than one wireless transceiver modules configured for the receipt, processing and transmission of multimedia data to and from remote data resources over more than one standard of wireless communication. Ex. B. at 2:5-10.

14. The inventors recognized that what would be needed in the future, among other things, was an electronic wireless hand held multimedia device that could connect to various data networks and establish short/visible range data connections with electronic devices located in close proximity, provide multimedia capabilities including remotely accessing and displaying of video, enabling access to email and multimedia content from the Internet including servers and the World Wide Web, determining location information and enable the determination and provision of directions to alternate location by accessing remote map information and displaying the map information on the display touch sensitive display screen, a technique which can be referred to as GPS mapping, and enable mobile payments through the device, for example, by enabling hand held device users to be billed a transaction fee via bank accounts (e.g., ATM, Debit and Credit cards) billing via communication service accounts or arrangements, and prepaid services, and other authorized account-related billing arrangements. *Id.* at 3:5-24.

## COUNT I: INFRINGEMENT OF THE '537 PATENT

15. Mesa incorporates the above paragraphs herein by reference.

16. **Direct Infringement.** T-Mobile has been and continues to directly infringe at least claim 1 of the '537 Patent in this District and elsewhere in the United States by providing a device, for example, T-Mobile's Coolpad Defiant ("Defiant") that has an electronic wireless hand held multimedia device. For example, T-Mobile's Defiant is an electronic wireless hand held multimedia device. *See* Figure 1; https://coolpad.us/products/defiant/.



*Figure 1. T-Mobile's Defiant is an electronic wireless hand held multimedia device.*

17. T-Mobile provides a device with at least one of a wireless unit and a tuner unit supporting bi-directional data communications of data including video and text for the electronic wireless hand held multimedia device with remote data resources over cellular telecommunications networks, over wireless local area networks and over a direct wireless connection with electronic devices located within short range using Bluetooth communications after accepting a passcode from a user of the multimedia device during the communications. For example, T-Mobile's Defiant supports data communication over network LTE, WiFi, and Bluetooth. *See* Figure 2; https://coolpad.us/products/defiant/specs/.



*Figure 2. T-Mobile's Defiant supports data communication over LTE, WiFi, and Bluetooth.*

18.     T-Mobile provides a device with a touch sensitive display screen configured to display the data including video and text received by the electronic wireless hand held multimedia device by selecting a particular data represented by a soft button on said touch sensitive display screen of the multimedia device. For example, T-Mobile's Defiant has a touch sensitive display screen allowing users to select data on the touch screen. *See* Figure 3; https://www.youtube.com/watch?v=7dYfiREGWeg.



*Figure 3. T-Mobile's Defiant has a touch sensitive display screen allowing users to select data on the touch screen.*

19. T-Mobile provides a device with a microprocessor configured to facilitate operation of and communications by the electronic wireless hand held multimedia device. For example, T-Mobile's Defiant has a 1.4GHz quad-core processor. *See* Figure 4; https://coolpad.us/products/defiant/.



*Figure 4. T-Mobile's Defiant has a 1.4GHz quad-core processor.*

20. **Induced Infringement.** T-Mobile has also actively induced, and continues to induce, the infringement of at least claim 1 of the '537 Patent by actively inducing its customers, including merchants and end-users to use T-Mobile's products in an infringing manner as described above. Upon information and belief, T-Mobile has specifically intended that its customers use its products that infringe at least claim 1 of the '537 Patent by, at a minimum, providing access to support for, training and instructions for, its system to its customers to enable them to infringe at least claim 1 of the '537 Patent, as described above. Even where performance of the steps required to infringe at least claim 1 of the '537 Patent is accomplished by T-Mobile and T-Mobile's customer jointly, T-Mobile's actions have solely caused all of the steps to be performed.

21. Mesa is entitled to recover damages adequate to compensate it for such infringement in an amount no less than a reasonable royalty under 35 U.S.C. § 284.

22. Mesa will continue to be injured, and thereby caused irreparable harm, unless and until this Court enters an injunction prohibiting further infringement.

## COUNT II: INFRINGEMENT OF THE '444 PATENT

23. Mesa incorporates the above paragraphs by reference.

24. **Direct Infringement.** T-Mobile has been and continues to directly infringe at least claim 1 of the '444 Patent in this District and elsewhere in the United States by providing a device, for example, T-Mobile's Defiant that has an electronic wireless hand held multimedia device. For example, T-Mobile's Defiant is an electronic wireless hand held multimedia device. *See* Figure 5; https://coolpad.us/products/defiant/.



*Figure 5. T-Mobile's Defiant is an electronic wireless hand held multimedia device.*

25.     T-Mobile provides a device with at least one of a wireless unit and a tuner unit supporting bi-directional data communications of data including video and text for the electronic wireless hand held multimedia device with remote data resources over cellular telecommunications networks, over wireless local area networks and over a direct wireless connection with electronic devices located within short range using Bluetooth communications after accepting a passcode from a user of the multimedia device during the communications. For example, T-Mobile's Defiant has Bluetooth capabilities allowing for communication over cellular telecommunications networks over wireless local area networks and over a direct wireless connection with electronic devices. *See* Figure 6; https://coolpad.us/products/defiant/specs/.



*Figure 6. T-Mobile's Defiant supports data communication over network LTE, WiFi, and Bluetooth.*

26.     T-Mobile provides a device with a touch sensitive display screen configured to display the data including video and text received by the electronic wireless hand held multimedia device by selecting a particular data represented by a soft button on said touch sensitive display screen of the multimedia device. For example, T-Mobile's Defiant has a touch sensitive display screen allowing users to select data on the touch screen. *See* Figure 7; https://www.youtube.com/watch?v=7dYfiREGWeg.



*Figure 7. T-Mobile's Defiant has a touch sensitive display screen allowing users to select data on the touch screen.*

27. T-Mobile provides a device with a microprocessor configured to facilitate operation of and communications by the electronic wireless hand held multimedia device. For example, T-Mobile's Defiant has a 1.4GHz quad-core processor. *See* Figure 8; https://coolpad.us/products/defiant/.



*Figure 8. T-Mobile's Defiant has a 1.4GHz quad-core processor.*

11

28. T-Mobile provides a device with a video camera, enabling the capture, storage, processing, and transmission of video and pictures. For example, T-Mobile's Defiant has a camera for taking photos or recording video. *See* Figure 5.

29. **Induced Infringement.** T-Mobile has also actively induced, and continues to induce, the infringement of at least claim 1 of the '444 Patent by actively inducing its customers, including merchants and end-users to use T-Mobile's products in an infringing manner as described above. Upon information and belief, T-Mobile has specifically intended that its customers use its products that infringe at least claim 1 of the '444 Patent by, at a minimum, providing access to support for, training and instructions for, its system to its customers to enable them to infringe at least claim 1 of the '444 Patent, as described above. Even where performance of the steps required to infringe at least claim 1 of the '444 Patent is accomplished by T-Mobile and T-Mobile's customer jointly, T-Mobile's actions have solely caused all of the steps to be performed.

30. Mesa is entitled to recover damages adequate to compensate it for such infringement in an amount no less than a reasonable royalty under 35 U.S.C. § 284.

31. Mesa will continue to be injured, and thereby caused irreparable harm, unless and until this Court enters an injunction prohibiting further infringement.

## JURY DEMAND

32. Under Rule 38(b) of the Federal Rules of Civil Procedure, Mesa respectfully requests a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

WHEREFORE, Mesa asks this Court to enter judgment against T-Mobile, granting the following relief:

A. A declaration that T-Mobile infringed the Patents-in-Suit;

B. An award of damages to compensate Mesa for T-Mobile's direct infringement of the Patents-in-Suit;

C. An order that T-Mobile and its officers, directors, agents, servants, employees, successors, assigns, and all persons in active concert or participation with them, be preliminarily and permanently enjoined from infringing the Patents-in-Suit under 35 U.S.C. § 283;

D. An award of damages, including trebling of all damages, sufficient to remedy T-Mobile's willful infringement of the Patents-in-Suit under 35 U.S.C. § 284;

E. An accounting of all damages not presented at trial;

F. A declaration that this case is exceptional, and an award to Mesa of reasonable attorneys' fees, expenses and costs under 35 U.S.C. § 285;

G. An award of prejudgment and post-judgment interest; and

H. Such other relief as this Court or jury may deem proper and just.

Dated: November 28, 2018               Respectfully submitted,

*/s/ Timothy Devlin*
Timothy Devlin
Delaware Bar No. 4241
DEVLIN LAW FIRM LLC
1306 N. Broom Street, Suite 1
Wilmington, DE 19806
Phone: (302) 449-9010
tdevlin@devlinlawfirm.com

        Isaac Rabicoff
(*Pro Hac Vice Admission Pending)*
Kenneth Matuszewski
(*Pro Hac Vice Admission Pending*)
RABICOFF LAW LLC
73 W Monroe St.
Chicago, IL 60603
Phone (773) 669-4590
isaac@rabilaw.com
kenneth@rabilaw.com